UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND E. WASHINGTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>　　　　Respondent. | No. CV 11-06589-DSF (VBK)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

　　　On August 10, 2011, Raymond E. Washington (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas by a Person in State Custody" pursuant to 28 U.S.C. § 2254.  It appears that Petitioner is in federal custody but is challenging his state court conviction for burglary in 1980. (See Petition at 2.)  The Court's initial review of the Petition reveals that it suffers from the following deficiencies:

　　　(1)　The Petition does not name the proper respondent.  Since Petitioner currently is in federal custody, the only appropriate respondent is the federal officer having custody of him, which in this case would be the Warden at the Federal Correctional Institution at Bradford, Pennsylvania,

where Petitioner currently is incarcerated. <u>See also</u> 28 U.S.C. §2242.

    (2) **<u>This Court Lacks Subject Matter Jurisdiction</u>**.

Subject matter jurisdiction over habeas petitions exists only where, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91, 109 S.Ct. 1923 (1989); <u>Carafas v. Lavallee</u>, 391 U.S. 234, 238, 88 S.Ct. 1556 (1968); <u>see also</u> 28 U.S.C. §§2241(c)(3), 2254(a). A habeas petitioner does not remain "in custody" once the sentence imposed for the conviction has "fully expired." <u>Maleng</u>, 490 U.S. at 491.

Here, it appears from the face of the Petition that the sentence imposed in 1980 for the conviction Petitioner is challenging had "fully expired" as of the time the Petition herein was filed.[1] To the extent that Petitioner is contending that the prospective consequence to him of that allegedly unconstitutional 1980 conviction, whereby his prior state court conviction has adversely affected his federal sentence, is sufficient to satisfy the "in custody" requirement, the Court notes that the Supreme Court rejected essentially the same argument in <u>Maleng</u>. <u>See</u> 490 U.S. at 492-93.

Moreover, even assuming that Petitioner received a sentence in the federal proceeding which was adversely affected by

---

[1] Moreover, even without the "in custody" problem, it appears that Petitioner's Petition would be time-barred. <u>See</u> 28 U.S.C. §2244(d)(1).

        his prior state court conviction, Petitioner's recourse would not be a petition for writ of habeas corpus, but rather a motion directed to the federal sentence made to the sentencing judge pursuant to 28 U.S.C. §2255. See <u>Feldman v. Perrill</u>, 902 F.2d 1445, 1450 (9th Cir. 1990).

    (3) **<u>Petitioner's Attempt To Litigate The Validity Of The State Court Conviction Appears To Be Barred By The Supreme Court's Decision In Daniels, As Well As The Companion Decision In Lackawanna Co. Dist. Attorney</u>**.

    Petitioner's claim challenging the constitutional validity of his 1980 no contest plea is foreclosed by the Supreme Court's decision in <u>Daniels v. United States</u>, 532 U.S. 374, 121 S.Ct. 1578 (2001). The Supreme Court in <u>Daniels</u> stated that habeas relief is not available to petitioners who challenge a fully expired conviction used to enhance a subsequent sentence in a petition brought under 28 U.S.C. §2255. The Supreme Court held that "the presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under §2255." <u>Id</u>. at 381. In <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394, 121 S.Ct. 1567 (2001), the Supreme Court extended its <u>Daniels</u> holding to cover habeas petitions brought by state prisoners under 28 U.S.C. §2254 directed at enhanced state sentences:

"[A]s in <u>Daniels</u>, we hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while

3

they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid... If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under §2254 on the ground that the prior conviction was unconstitutionally obtained."

121 S.Ct. at 1574.

In Custis v. United States, 511 U.S. 485, 490-97, 114 S.Ct. 1732, 1735-39 (1994), the Supreme Court held that, with the sole exceptions of convictions obtained in deprivation of the right to counsel, a federal defendant has no statutory or constitutional right at his sentencing hearing to collaterally attack prior convictions used for purposes of enhancing his federal sentence. In Daniels, the Supreme Court expanded the Custis holding beyond the scope of sentencing proceedings and held that a federal prisoner is generally barred, in a §2255 motion, from seeking to challenge prior state convictions used to enhance a federal sentence. 523 U.S. at 382-84, 121 S.Ct. at 1583-85. After finding that the dual policy considerations that drove the Custis holding -- an interest in promoting the finality of judgments and ease of administration -- applied equally in the Section 2255 context, the Court reasoned that state convictions were not subject to attack under Section 2255: "Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on

direct appeal, in post-conviction proceedings available under state law, and in a petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2254... These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim...

. . .

If... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not attack his prior convictions through a motion under §2255...

. . .

As we have said, a defendant generally has ample opportunity to obtain constitutional review of a state conviction... but once the 'door' to such review 'has been closed,'... by the defendant himself -- either because he failed to pursue otherwise available remedies or because he failed to prove a constitutional violation... the conviction becomes final and the defendant is not entitled to another bite of the apple simply because that conviction is later used to enhance another sentence."

5

1    (532 U.S. at 381-83, 121 S.Ct. at 1582-84 (citations
2    omitted; emphasis in original.)
3    This general rule applies unless certain exceptions exist.
4    A habeas petitioner may challenge a prior conviction under
5    the following circumstances: (1) when petitioner can
6    demonstrate that his current sentence was enhanced on the
7    basis of a prior conviction that was obtained where there
8    was a failure to appoint counsel in violation of the Sixth
9    Amendment, see Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct.
10   792 (1963); (2) when newly discovered evidence shows that
11   the petitioner is actually innocent; or (3) when the
12   petitioner can show that the failure to timely seek review
13   in the prior case was through no fault of his own. Id., 532
14   U.S. at 404-06; see also Daniels v. United States, 532 U.S.
15   374, 381, 121 S.Ct. 1578, 1583 (2001). The purpose of such
16   a ruling is to protect the finality of convictions and to
17   ease administration. See Lackawanna County District
18   Attorney v. Coss, 532 U.S. 394, 402, 121 S.Ct. 1567 (2001).
19   (4) It appears conclusively from the face of the Petition that
20   state remedies have not been exhausted. There is no
21   indication in the Petition whatsoever that the California
22   Court of Appeal or California Supreme Court have been given
23   an opportunity to rule on Petitioner's contentions.
24   A federal court will not review a state prisoner's petition
25   for writ of habeas corpus unless it appears that the
26   prisoner has exhausted available state remedies on each and
27   every claim presented. 28 U.S.C. § 2254(b) and (c);
28   Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see

6

1         Rose v. Lundy, 455 U.S. 509, 522 (1982).  "For reasons of
2         federalism, 28 U.S.C. § 2254 requires federal courts to give
3         the states an initial opportunity to correct alleged
4         violations of its prisoners' federal rights."  Kellotat v.
5         Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983).
6         Exhaustion requires that the prisoner's contentions be
7         fairly presented to the highest court of the state.
8         Carothers, supra, 594 F.2d at 228; see Allbee v. Cupp, 716
9         F.2d 635, 636-37 (9th Cir. 1983).  A claim has not been
10        fairly presented unless the prisoner has described in the
11        state court proceedings both the operative facts and the
12        federal legal theory on which his claim is based.  See
13        Anderson v. Harless, 459 U.S. 4, 6 (1982); Pappageorge v.
14        Sumner, 688 F.2d 1294 (9th Cir. 1982), cert. denied, 459 U.S.
15        1219 (1983).

17     The Petition therefore is **DISMISSED** with leave to amend.  If
18 Petitioner desires to pursue this action, he is ordered to file an
19 Amended Petition correcting the deficiencies discussed above within 30
20 days of the date of this Order.  The Clerk is **DIRECTED** to send
21 Petitioner a Central District of California blank habeas petition form
22 for this purpose.  The Amended Petition should reflect the same case
23 number, be clearly labeled "First Amended Petition," and be filled out
24 completely.
25 //
26 //
27 //
28 //

Petitioner is cautioned that his failure to timely file an Amended Petition in compliance with this Order will result in a recommendation that the action be dismissed without prejudice for failure to prosecute.

DATED: August 19, 2011                    /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE